, Peck, J.,
delivered the opinion of the court:
Peter Conrad, a citizen of the city of St. Louis, in the State of Missouri, claims the sum of $3,500 for the value of a barge called the Equinox; which was delivered to an assistant quartermaster of the United States army, under the approval of his commanding general, certified upon the back of the receipt given for the barge.
The barge went into the possession of the quartermaster, with an agreement on his part to “ deliver the same at Memphis, Tennessee, within the next ninety days, or pay a fair valuation for the same.” The barge was not returned to the owner at Memphis, or elsewhere, within ninety days, or any other time, and. the claimant now seeks to recover the value of his barge.
We find the facts to be, that the barge Equinox, laden with ice, was taken to Young’s Point, Louisiana, twelve miles above Yicksburg, where the ice was sold to Henry H. Elliot, acting quartermaster at Young’s Point aforesaid, by the approval of General T. Williams, commander of the land forces of the department of the Gulf, on or about *90 the 3d day of July, A. D. 1862 ; and that the barge was detained by the government, and a receipt given therefor, declaring that the barge should he returned to her owners at Memphis, Tennessee, within the next ninety days, in good order, or that the government should pay a fair valuation for her. The barge was never returned. Upon this state of facts we find that the claimant is entitled to recover.
The barge Equinox, laden with ice, was lying at Memphis, Tennessee, when the owner, Peter Conrad, sold the ice to one George W. Willard, with the understanding that he should have the use of the barge for ninety days, if he sold the ice to the government, provided, the government would deliver the barge at Memphis at the end of that time, in good order. Willard-proceeded down the river with the barge and sold the ice to Acting Quartermaster Elliot; his commanding general being present and approving the purchase. It seems there was pressing need of ice for the use of the soldiers, many of whom were suffering from sickness.
The barge was covered in, and was needed as a storehouse for the ice.
A receipt was given for the barge, promising to return it to Memphis or to pay a reasonable price therefor if detained longer than ninety days.
■The army and navy, shortly after this transaction, moved from Young’s Point, and the barge Equinox was towed by government vessels to Helena, Arkansas, where it was left, tied to the bank, and it afterwards sunk and became uséless.
The person who had charge of the steamer which towed the barge to Helena, notified the quartermaster at that place of the arrival of the barge.
It is also shown that the lumber with which the roof of the barge was constructed was used by the government in constructing coffins, and for other purposes, while on the way to Helena and after its arrival there.
The obligation of the government towards the claimant was either to return the barge to Helena or pay a reasonable price for it; the first understanding not having been complied with, the second became obligatory.
The barge had been the hull of a steamboat known as the Equinox, and was built in 1852, and sold to the claimant seven years afterwards for $2,500. The witnesses differ in their estimates as to her value. Two witnesses, besides the claimant, speak of the value of the barge about the time of her loss.; we take the estimate as stated by Atkinson, who says he had been familiar with the value of such barges, and *91 that this barge was worth from $2,000 to $3,000. Vessels do not improve by age and use, but rather deteriorate, and we think that a hull built in 1852, which sold for $2,500 in 1859, was not worth, three years afterwards, more than the lowest estimate ; we, therefore, order a judgment in favor of claimant for $2,000.